UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RAYMOND LILLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:17-cv-10-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION TO LIMIT EXPERT OPINIONS**

Plaintiff, Raymond Lilly, filed this Federal Tort Claims Act ("FTCA") suit alleging that the United States negligently operated or maintained a dock plate at the Lawrenceburg, Indiana Post Office. On September 11, 2018, Mr. Lilly tendered his expert disclosures and identified 18 individuals who may provide expert testimony at the trial of this matter. (Exhibit 1, Docket No. 48-1, Plaintiff Raymond Lilly's Expert Disclosures ("Docket No. 48-1").) Mr. Lilly, however, contends that he is not required to tender written reports, pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, for any of his 18 expert witnesses because his expert witnesses have not been "retained or specially employed to provide expert testimony" and they are not his employees whose duties regularly involve giving expert testimony.

Mr. Lilly's interpretation of Rule 26(a) does not comport with Seventh Circuit precedent and, as a result of his failure to disclose written reports that comply with Rule 26(a)(2)(B), his witnesses' testimony must be limited, in the case of the Treating Physicians,[1] to any observations

---

[1] The Treating Physicians are: (1) Dr. Harold T. Pretorius; (2) Dr. Alson Grenier; (3) Dr. Opeolu Adeoye; (4) Dr. Amitkumar Patel; (5) Dr. Ronald Cheek; (6) Dr. Rana Singh; (7) Dr. Kyung Nog; (8) Dr. Ralph Shipley; (9) Dr. Mary Gaskill-Shipley; (10) Dr. Abouelmagd Makramalla; (11) Dr. Brave Nguyen; (12) Dr. Jonathan York; (13) Dr. Jaosn [sic] Heil; (14) Dr. Cuxia Tian; (15) Dr. Yair Gozal; and (16) Dr. Norberto Andaluz.

made or conclusions drawn while the Treating Physicians were providing medical care to Mr. Lilly, and, in the case of the Mechanical Experts,[2] any observations made or conclusions drawn while the Mechanical Experts were examining, repairing, or otherwise working on the dock lift at the Lawrenceburg, Indiana Post Office (the "Post Office").  Finally, with respect to Mr. Cochran, who is a federal employee, federal regulations preclude his testimony unless or until Mr. Lilly complies with the regulations found at 29 C.F.R. §§ 2.20 – 2.25.

## I.   FACTUAL BACKGROUND

Mr. Lilly contends that on December 24, 2013, he was struck by the dock plate at the Post Office, which caused him to fall off of the Post Office's loading dock causing injuries to his head, neck, and back.  (Docket No. 6 ¶¶ 13-14, 17.)  Mr. Lilly asserts that his injuries were the result of United States Postal Service ("USPS") employee Sam Bergfeld's negligent operation the dock lift.  (Docket No. 6 ¶ 13.)  He also contends that USPS failed to properly maintain the dock lift at the Post Office, which rendered it unusually dangerous.  (*See id.* ¶ 15.)

In support of his claims, Mr. Lilly has identified 16 of his Treating Physicians as expert witnesses who will testify at the trial of this case.  (Docket No. 48-1 at 2-4.)  The only written report that Mr. Lilly has tendered is a 2-page letter written by his primary care physician, Dr. Harold Pretorius (Docket No. 48-1 at 7-8), which does not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Mr. Lilly has also indicated that Dr. Alson Greiner, who treated Mr. Lilly for his "cervical injury, concussion, and post-concussive symptoms," will testify about his treatment of Mr. Lilly, as well as opine that:  (1) "Mr. Lilly remains totally disabled from work"; (2) Mr. Lilly

---

[2] The Mechanical Experts are:  (1) Steve Scaggs; (2) Mark Jolly; and (3) William Cochran.

"will never fully recover from his injuries"; and (3) "the treatment that Mr. Lilly received was medically necessary, and that his injuries were proximately caused by the fall he sustained on December 24, 2013 at the Lawrenceburg Post Office." (*Id*. at 3.) Mr. Lilly has not provided any written report, let alone a report that complies with Rule 26(a)(2)(B), for Dr. Greiner.

As to the other 14 Treating Physicians, Mr. Lilly has simply stated that, in addition to testifying about their care and treatment of Mr. Lilly (*see* Docket No. 48-1 at 1), they are expected to opine that: (1) "the medical treatment that Mr. Lilly received following his accident was reasonable and necessary"; (2) "the injuries caused permanent function and disability to Mr. Lilly." (*Id*. at 2.) No written reports for any of these individuals have been provided. Indeed, other than their names and their business addresses, the United States has no information about any of these witnesses.

Mr. Lilly also identified 3 Mechanical Experts. Steve Scaggs and Mark Jolly, employees of McCormick Equipment Company, Inc., have been listed as "experts on dock plates and levelers" who, in addition to testifying about maintenance and repair work they performed on the Post Office's dock, will testify: (1) "that the dock plate at issue need[ed] to be replaced"; (2) "that they have worked on the subject dock plate on multiple occasions over the years, and the same issue/malfunction keeps recurring involving . . . the spring loaded mechanism"; (3) "regarding proper operation of a dock leveler"; and (4) about "the danger posed by a dock leveler in disrepair and by being operated by someone who is not properly trained." (Docket No. 48-1 at 5.) As with the Treating Physicians, Mr. Lilly contends that expert reports are not required of either Mr. Scaggs or Mr. Jolly because they "are not employees of either party and have not been 'retained or specifically employed to provide expert testimony in this case.'" (*Id*.)

Finally, Mr. Lilly has identified William Cochran, an employee of the Occupational Safety and Health Administration ("OSHA") in Nashville, Tennessee. Mr. Lilly states that Mr. Cochran will testify: (1) "regarding his office's investigation of the Nashville area postal service and its repeated safety violations for allowing workers to use damaged and unrepaired dock levelers like the one at issue in this case"; and (2) "in his opinion . . . the postal services' [sic] failure to maintain and/or repair the dock leveler at issue in this case was an unreasonably dangerous condition." (*Id*. at 5-6.) Again, Mr. Lilly contends that an expert report is not required of Mr. Cochran because he is not an employee of either party and he was not retained or specifically employed to provide expert testimony in this case. (*Id*. at 5)

## II.   LEGAL STANDARD

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure provides: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it must use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

Rule 26(a)(2)(B) provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

For witnesses to whom Rule 26(a)(2)(B) applies, the written report must contain: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming his or her opinions; (3) any exhibits that the witness will use to summarize or support his or her opinions; (4) the witness's qualifications, including a list of all publications that the witness has authored in the past 10

years; (5) a list of all other cases in which the witness has testified, either by deposition or at trial, as an expert in the past 4 years; and (6) a statement of the compensation that the witness will be paid for his or her review and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i) – (vi).

For expert witnesses who are not required to provide a written report, Rule 26(a)(2)(C) requires the expert disclosure to state: "[(1)] the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and [(2)] a summary of the facts and opinions to which the witness is expected to testify."

If appropriate Rule 26(a) disclosures are not made, Rule 37(c) provides:

> [T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or his harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) – (vi).

### III. ARGUMENT

**A. Plaintiff's Treating Physicians should be limited to testifying about their observations of Mr. Lilly and any conclusions they drew while they were treating him.**

The Seventh Circuit addressed the issue of disclosure of treating physicians in *Meyers v. National Rail Road Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010). The *Meyers* court explained that "[w]hen a party intends to introduce an expert witness, the party must comply with the disclosure requirements in Rule 26(a)(2) if the expert witness 'is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.'" *Id*. at 734 (quoting Fed. R. Civ. P. 26(a)(2)(B)). "The purpose of the [written] report is to provide adequate notice of the substance of the expert's

forthcoming testimony and to give the opposing party time to prepare for a response." *Id*. at 734. "The consequence of non-compliance with Rule 26(a)(2)(B) is 'exclusion of an expert's testimony . . . unless the failure was substantially justified or is harmless.'" *Id*. (quoting *Gicla v. United States*, 572 F.3d 407, 410 (7th Cir. 2009)).

In *Meyers*, the plaintiff tendered reports from 2 of his treating physicians and argued that because they were his "treating physicians and surgeons, they fell outside the scope of Rule 26(a)(2)." *Id.* The district court excluded the physicians' reports and emphasized that "'even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony.'" *Id*. (quoting *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004)).

On appeal, the Seventh Circuit upheld the district court's decision and concluded that

> a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment*, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Id*. at 734-35 (emphasis added).

Relying on *Meyers*, the United States District Court for the Southern District of Indiana, in *Martin v. Stoops Buick, Inc.*, No. 1:14-cv-298-RLY-DKL, 2016 WL 4088132, at *1 (S.D. Ind. July 28, 2016), explained: "Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation." Thus, treating physicians who have firsthand knowledge of events and who testify only as to observations made while rendering care to a patient, are not treated as experts retained or specially employed to provide testimony. If, however, the treating physician "testifies beyond the scope of his observations . . . , he is treated as a retained expert." *Id.*; *see*

*also Bowersock v. Davol, Inc.*, 236 F. Supp. 3d 1074, 1088 (S.D. Ind. 2017) (permitting treating physician to "present treatment evidence concerning the autopsy and exhumation of Georgia's body" but precluding him from "testify[ing] as to any newly formed opinions that exceed that role, which includes evidence of causation not included in his Autopsy Report"); *Ballinger v. Casey's General Store, Inc.*, No. 1:10-cv-1439-JMS-TAB, 2012 WL 1099823, at *5 (S.D. Ind. Mar. 29, 2012) (limiting treating physician's testimony to "personal observations, diagnoses, and treatment contained in the medical records and formed in the course of treatment" and precluding testimony regarding causation because Rule 26(a)(2)(C) summary did not give defendant adequate notice that treating physician would also be testifying as to causation).

    Here, with respect to Mr. Lilly's Treating Physicians, all of whom have been disclosed pursuant to Rule 26(a)(2)(C), although they can testify about their care and treatment of Mr. Lilly, any diagnoses that they rendered, and his general prognosis at the time they rendered care to him, they cannot testify generally that "the medical treatment that Mr. Lilly received following his accident was reasonable and necessary." (Docket No. 48-1 at 2.) Nor can they "opine that the injuries caused permanent function and disability to Mr. Lilly" (*id.*) if that conclusion was not drawn during the course of their treatment of him. If Mr. Lilly intended to use his Treating Physicians for these purposes, he needed to disclose the Treating Physicians pursuant to Rule 26(a)(2)(B), and provide the reports required by Rule 26(a)(2)(B).

    To the extent Mr. Lilly intends to argue that he did disclose either Dr. Pretorius or Dr. Grenier pursuant to Rule 26(a)(2)(B), and therefore they can testify as to the reasonableness of his medical treatment, the permanency of his injuries, or the source of his alleged disability, this contention is contradicted by Mr. Lilly's expert disclosures. (Docket No. 48-1 at 1 (stating that "Rule 26(a)(2)(B) reports are not required of these treating physicians").)

Moreover, only Dr. Pretorius has provided a written report, and that report does not comply with Rule 26(a)(2)(B) as it does not provide: (1) the facts or data on which Dr. Pretorius relied in forming his opinions; (2) Dr. Pretorius's qualifications, including a list of all publications he has authored in the previous 10 years; (3) a list of all other cases in which Dr. Pretorius has testified as an expert either by deposition or trial in the previous 4 years; or (4) a statement of compensation paid to him in this case. With respect to Dr. Greiner, he has not provided any written report whatsoever, and he has certainly not provided anything that comes close to complying with Rule 26(a)(2)(B).

**B.     Mr. Scaggs and Mr. Jolly should be limited to testifying regarding their individual observations of, or involvement with, the dock plate at the Lawrencebug Indiana Post Office.**

The analysis is the same with respect to Mr. Scaggs and Mr. Jolly, both of whom have been disclosed pursuant to Rule 26(a)(2)(C). Because Mr. Lilly has not provided written reports for Mr. Scaggs and Mr. Jolly, although they can testify about any work they performed on the dock lift at the Post Office, as well as any information they may have about the reason such work was necessary, they should be precluded from giving opinion testimony "regarding proper operation of a dock leveler and the danger posed by a dock leveler in disrepair and . . . operated by someone who is not properly trained." (Docket No. *** at 5.) If Mr. Lilly wished to elicit opinion testimony from these witnesses on those points, he was required to disclose them pursuant to Rule 26(a)(2)(B), and tender the requisite report. *See, e.g.*, *Indianapolis Airport Authority v. Travelers Property Casualty Co. of* America, 849 F.3d 355, 371 (7th Cir. 2017) (concluding that hybrid fact/expert witnesses disclosed pursuant to Rule 26(a)(2)(C) could testify "from the personal knowledge they gained on the job" but that the district court could properly preclude them from testifying "beyond the scope of facts they learned and opinions they formed

8

during the course of their . . . duties"); *Harms v. Laboratory Corp. of America*, 155 F. Supp. 2d 891, 903-04 (N.D. Ill. 2001) (concluding that a witness who worked as the defendant's Operations Manager and who was disclosed only as a lay witness could testify about "what he witnessed firsthand" but he could not testify beyond his personal knowledge of the facts underlying the case).

**C.    Mr. Cochran should be precluded from testifying because Mr. Lilly has not complied with 29 C.F.R. §§ 2.20 – 2.25.**

Finally, Mr. Lilly's disclosure of Mr. Cochran suffers from the same deficiencies as his disclosure of his Treating Physicians and his disclosure of Mr. Scaggs and Mr. Jolly. *See* Sections III.A. and III.B., *supra*. In addition, because Mr. Cochran is a federal employee, before he can provide testimony about information he acquired during his federal employment as part of his duties, Mr. Lilly must make a formal request for Mr. Cochran's testimony from the Department of Labor, and the Department of Labor must authorize that testimony. *See* 29 C.F.R. §§ 2.20 – 2.25.

Federal regulations and United States Supreme Court precedent govern any request for testimony made of a current or former federal employee regarding information the employee acquired during his or her federal employment as part of his duties. In this case, the applicable regulations are found at 29 C.F.R. §§ 2.20 -2.25. These regulations provide that before Mr. Cochran can testify in this case, Mr. Lilly must furnish the appropriate Office of the Solicitor of the United States Department of Labor with "a written summary of the information sought and its relevance to the proceeding in connection with which it was served." 29 C.F.R. § 2.21. Until the Office of the Solicitor approves the testimony, Mr. Cochran is precluded from disclosing any information that he acquired during his federal employment as part of the performance of his

official duties or because of his official status.  29 C.F.R. § 2.22; *see also* 29 C.F.R. §§ 2.23 – 2.24; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

Thus, in addition to being limited to testifying to testifying about his personal observations for the reasons as set forth in section III.B., *supra*, Mr. Cochran's testimony should be completely precluded unless or until:  (1) Mr. Lilly complies with the federal regulations promulgated at 29 C.F.R. §§ 2.20 – 2.25; and (2) the Office of the Solicitor of the United States Department of Labor authorizes Mr. Cochran's testimony.

## IV.   CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that the Court grant its Motion and limit the testimony of Mr. Lilly's expert witnesses.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:    s/ Kathryn E. Olivier
        Kathryn E. Olivier
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 24, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent electronically to:

Nicholas Brunette
Lyndsay Ignasiak
REMINGER CO., LPA
nbrunette@reminger.com
lignasiak@reminger.com

                                                  s/ Kathryn E. Olivier
                                                  Kathryn E. Olivier
                                                  Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Telephone: 317-226-6333
Facsimile: 317-226-5027
Email: Kathryn.Olivier@usdoj.gov