UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RAYMOND LILLY,                         )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Cause No. 4:17-cv-10-TWP-DML
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Defendant.                 )

## REPLY IN SUPPORT OF MOTION TO LIMIT EXPERT OPINIONS

In response to the United States' Motion to Limit Expert Opinions, Mr. Lilly essentially argues that if the United States wants to know what his witnesses will say at trial, then the United States should depose all 18 of them.  Not only would that be costly and burdensome, it ignores one of the key purposes of Rule 26(a)(2), which is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response. *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *see also Sec. & Exch. Comm'n v. Nutmeg Group, LLC*, No. 09 C 1775, 2017 WL 4925503, at *5 (N.D. Ill. Oct. 31, 2017) (emphasizing that an after-the-fact deposition is not a substitute for an improper Rule 26(a)(2) disclosure).  It also ignores the fact that if Mr. Lilly's Treating Physicians were going to simply testify about observations made, or conclusions drawn, from their were treatment of him, then the United States likely would not need depositions from all of them.  The issue is that Mr. Lilly is attempting to use his Treating Physicians to provide expert testimony that exceeds the scope of their treatment.  Similarly, Mr. Lilly is attempting to use employees from McCormick Equipment Company and the OSHA to provide wide-ranging testimony that far exceeds what is contemplated by Rule 26(a)(2)(C). If Mr. Lilly wanted to elicit such testimony from these

witnesses, then he needed to tender the reports required by Rule 26(a)(2)(B), so that the United States could make informed decisions about whether depositions from these witnesses were necessary. Instead, Mr. Lilly seems to be attempting to have his cake and eat it too – he is apparently trying to avoid the expense of retaining and properly disclosing expert witnesses by trying to expand the scope of the testimony that witnesses disclosed under Rule 26(a)(2)(C) can provide at trial. This is highly prejudicial and does not comport with either the letter or the spirit of Rule 26(a). As a result, the witnesses' testimony must be limited.

To the extent Mr. Lilly is arguing that the Seventh Circuit's decision in *Meyers*, which is squarely on point, is "largely irrelevant" because it was decided prior to the 2010 amendment of Rule 26, he is wrong. As an initial matter, *Meyers* has never been overruled or abrogated by the Seventh Circuit. Moreover, the United States District Court for the Northern District of Illinois rejected Plaintiff's precise argument in *In re Zimmer Nexgen Knee Implant Products Liability Litigation*, MDL No. 2272, 2015 WL 3799534 (N.D. Ill. June 17, 2015). In *In re Zimmer*, the defendant, relying on *Meyers*, sought to limit the scope of plaintiff's treating physician's testimony because the plaintiff had not provided a Rule 26(a)(2)(B) disclosure for the treating physician. In response, the plaintiff argued that the 2010 amendments "clarified that treating physicians are not required to submit a complete expert report." *Id.* at *5. The court disagreed and noted that it "d[id] not read the 2010 amendments this way." *Id.* Indeed, "[t]he Committee Notes accompanying [the] amendments suggest that the first question courts must address is *whether* an expert is required to issue a report under 26(a)(2)(B) or not." *Id.* (emphasis added). Thus, "[t]he 2010 amendments did not alter the scope of 26(a)(2)(B), which governs experts who are 'retained or specially employed.'" *Id.* Nor did the 2010 amendments alter "how courts should address the threshold question of which experts are covered by 26(a)(2)(B)." *Id.* Rather,

2

the 2010 amendments "added a summary disclosure requirement for experts not retained or specially employed." *Id*.  As a result, the court concluded that *Meyers* remained good law, even though it was decided prior to the 2010 amendments, because *Meyers* "established a test for determining *when* a treating physician is 'retained or specially employed' within the meaning of 26(a)(2)(B)." *Id.* (emphasis added).

Other courts have reached the same conclusion.  *See, e.g.*, *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *2 (S.D. Ohio May 19, 2014) (noting that Rule 26(a)(2)(C) applies "only 'if the witness is not required to provide a written report'" and emphasizing that Rule 26(a)(2)(C) "has no impact on the threshold issue of whether the witness is required to provide a written report . . . , *i.e.*, whether the witness was 'retained or specially employed to provide expert testimony in the case'"); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, Civil Action No. 1:11-cv-1094-JEC, 2013 WL 1189493, at *10, *12 (N.D. Ga. Mar. 21, 2013) (rejecting the argument that, post-amendment, a treating physician would never be subject to the requirement of Rule 26(a)(2)(B) and concluding that "if a physician's opinion . . . was formed and based on observations made during the course of treatment, then no [26(a)(2)(B)] report is required" but "[i]f . . . the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full [26(a)(2)(B)] report will be required"); *see also Brutton v. United States*, 687 Fed. Appx. 56, 58 (2d Cir. 2017) (affirming district court decision limiting a treating physician, who did not tender a Rule 26(a)(2)(B) report, to testifying only as opinions he formed in the course of treating the plaintiff).

Here, Mr. Lilly's expert disclosures reveal that he intends to have his Treating Physicians opine about more than just their treatment of him.  With respect to Dr. Pretorius, in addition to

3

testifying about the care and treatment he provided as Mr. Lilly's primary care physician, Dr.

Pretorius is expected to: (1) testify about his review of Mr. Lilly's other medical records; (2)

opine that "Mr. Lilly's treatment for his multiple medical problems has been reasonable and

necessary"; (3) and conclude that "Mr. Lilly's injuries are permanent," his "life expectance [sic]

is approximately 3 to 5 years, ot [sic] approximately age 70 to 72 years owing to the sum of his

many medical conditions, most of which were exacerbated by his December 24, 2013 accident,"

and "[f]uture care is likely to include skilled nursing for at least the last year or two of Mr.

Lilly's life." (Docket No. 48-1 at 8.) This far exceeds the scope of a treating physician's

testimony. Opinions about, for example, the reasonableness of care, life expectancy, and the

potential need for skilled nursing care in the future cannot reasonably be said to have arisen

during Dr. Pretorius's treatment of Mr. Lilly. As such a Rule 26(a)(2)(B) disclosure was

required in order for Dr. Pretorius to testify as to these points.[1]

Similarly, with respect to Dr. Grenier, in addition to testifying about Mr. Lilly's "cervical

injury, concussion, and post-concussive symptoms," Mr. Lilly apparently intends for Dr. Grenier

to testify that: (1) "Mr. Lilly remains totally disabled from work"; (2) Mr. Lilly "will never fully

recover from his injuries"; and (3) "the treatment that Mr. Lilly received was medically

necessary, and that his injuries were proximately caused by the fall he sustained on December

24, 2013 at the Lawrenceburg Post Office." (Docket No. 48-1 at 3.) While an opinion about Mr.

Lilly's "cervical injury, concussion, and post-concussive symptoms" would seemingly have

arisen based on observations made during his treatment of Mr. Lilly, Dr. Grenier's remaining

---

[1] Moreover, without an appropriate Rule 26(a)(2)(B) disclosure from Dr. Pretorius, the United
States cannot determine whether Dr. Pretorius is qualified, under Rule 702 of the Federal Rules
of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), to opine as
to some of these conclusions.

opinions far exceed observations made during the scope of his treatment of Mr. Lilly, and sound strikingly like those formed solely for purposes of litigation.  As such, Mr. Lilly needed to provide a Rule 26(a)(2)(B) disclosure for Dr. Grenier if he wanted him to provide this additional testimony.

Finally, as to the other 14 Treating Physicians, Mr. Lilly's disclosures indicate that, in addition to testifying about their treatment of him, they will testify that:  (1) "the medical treatment that Mr. Lilly received following his accident was reasonable and necessary"; and (2) "the injuries caused permanent function and disability to Mr. Lilly."  (Docket No. 48-1 at 2.) Again, such opinions far exceed the scope of diagnosing or treating Mr. Lilly's medical issues and venture into the territory of a retained expert witness.  As a result, Rule 26(a)(2)(B) disclosures were required, and Mr. Lilly's failure to provide such disclosures means that his Treating Physicians' testimony at trial must be limited to speaking only about their diagnosis and treatment of Mr. Lilly.

Mr. Lilly's Mechanical Experts suffer from precisely the same problem.  Mr. Lilly is, apparently, intending to elicit testimony from the Mechanical Experts regarding:  (1) whether "the dock plate at issue need[ed] to be replaced"; (2) their "work[] on the subject dock plate on multiple occasions over the years, and [in their opinion,] the same issue/malfunction keeps recurring involving . . . the spring loaded mechanism"; (3) "proper operation of a dock leveler"; and (4) "the danger posed by a dock leveler in disrepair and by being operated by someone who is not properly trained."  (Docket No. 48-1 at 5.)  This testimony far exceeds the scope of the Mechanical Experts' observations of the dock lift at the Post Office.  In addition, because Mr. Lilly has not served a proper Rule 26(a)(2)(B) disclosure of these individuals, he asks the United States to simply assume that these witnesses are qualified to opine under Rule 702 and *Daubert*.

(*See* Docket No. 52 at 6 ("there is no reason to believe that they did not possess the requisite knowledge").)  The United States is not obligated to assume anything – if Mr. Lilly wanted to elicit this type of expert witness testimony from Mr. Scaggs or Mr. Jolly then he needed to disclose them pursuant to Rule 26(a)(2)(B).  His failure to do so means that their trial testimony must be limited to observations made during the course of their work on the dock lift at the Post Office.

Finally, with respect to Mr. Cochran, in addition to suffering from the same deficiencies as Mr. Lilly's disclosure of his Treating Physicians and his disclosure of Mr. Scaggs and Mr. Jolly, Mr. Lilly has not complied with 29 C.F.R. §§ 2.20 – 2.25.  Mr. Lilly's only response is to state that he "fully intends to comply with any and all federal regulations" but that this argument is premature because Mr. Lilly has not issued "a subpoena for testimony."  (Docket No. 52 at 6.)  Mr. Lilly seems to misunderstand the *Touhy* process.  Indeed, even if Mr. Lilly submits a proper *Touhy* request, the type of testimony that Mr. Lilly is seeking from Mr. Cochran may not be approved by the Office of the Solicitor of the United States Department of Labor.  Thus, in addition to being limited by Rule 26(a)(2)(C) to testifying about his personal observations, Mr. Cochran's testimony may be completely precluded by the Office of the Solicitor.

Accordingly, for the foregoing reasons, as well as those stated in the United States' Brief in Support of Motion to Limit Expert Opinions, the United States respectfully requests that the Court grant its Motion and limit the testimony of Mr. Lilly's expert witnesses.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Kathryn E. Olivier
      Kathryn E. Olivier
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent electronically to:

Nicholas Brunette
Lyndsay Ignasiak
REMINGER CO., LPA
nbrunette@reminger.com
lignasiak@reminger.com

s/ Kathryn E. Olivier
Kathryn E. Olivier
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Telephone: 317-226-6333
Facsimile: 317-226-5027
Email: Kathryn.Olivier@usdoj.gov

7