UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RAYMOND LILLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cv-00010-TWP-DML |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO LIMIT EXPERT OPINIONS**

This matter is before the Court on a Motion to Limit Expert Opinions filed pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37 by Defendant United States of America ("Defendant") (Filing No. 48). This case is set for a bench trial on Plaintiff Raymond Lilly's ("Lilly") negligence claim under the Federal Tort Claims Act. Lilly sustained personal injuries after making a delivery on the loading dock at the United States Post Office in Lawrenceburg, Indiana. Currently pending before the Court is Defendant's Motion, requesting that the Court limit the expert opinions of Lilly's designated expert witnesses. For the following reasons, the Court **grants in part and denies in part** the Motion.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) states, "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(B) further states,

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the

case or one whose duties as the party's employee regularly involve giving expert testimony.

For expert witnesses who do not have to produce a written report under Rule 26(a)(2)(B), the party's expert disclosure must state the expected subject matter of the expert testimony and a summary of the facts and opinions of the witness. *See* Rule 26(a)(2)(C).

Where Rule 26(a) disclosures are not sufficiently made, Rule 37(c) provides, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

## II. DISCUSSION

On January 13, 2017, Lilly initiated this lawsuit, asserting a negligence claim against Defendant. Lilly was employed by Joe Poff, Inc. as a truck driver, and on December 24, 2013, he arrived with a delivery at the U.S. Post Office located in Lawrenceburg, Indiana. He backed up his truck to the loading dock and unloaded the delivery on the dock. After unloading his truck, as he exited the back of the truck, Lilly had one foot on the dock plate, when without warning, the dock plate jerked upwards violently throwing him into a wall and off the loading dock to the ground. He alleges the dock plate was improperly maintained and had a long history of malfunctioning, but no warnings were posted. As a result of the accident, Lilly was injured, lost consciousness, and suffered a fractured neck and a traumatic brain injury resulting in a small stroke ([Filing No. 1 at 2](Filing No. 1 at 2)–4).

On September 11, 2018, Lilly tendered his expert disclosures and identified nineteen individuals as expert witnesses—sixteen treating physicians, two maintenance and safety professionals, and an area director of the Occupational Safety and Health Administration ("OSHA"). Lilly asserted a Rule 26(a)(2)(B) report was not required for any of his designated experts ([Filing No. 48-1](Filing No. 48-1)). The basis for his assertion that written reports are not required for any

of his designated experts is that the expert witnesses have not been "retained or specially employed to provide expert testimony," and they are not his employees whose duties regularly involve giving expert testimony, pointing to the language in Rule 26(a)(2)(B).

Defendant asks the Court to limit Lilly's expert witnesses' testimony, in the case of the treating physicians, to any observations made or conclusions drawn while those treating physicians were providing medical care to Lilly, and, in the case of the maintenance and safety professionals, to any observations made or conclusions drawn while those professionals were examining, repairing, or otherwise working on the dock plate at the Lawrenceburg Post Office. As to William Cochran ("Cochran"), who is the OSHA area director, Defendant asserts that he is precluded from testifying unless Lilly first complies with federal regulations found at 29 C.F.R. §§ 2.20–2.25 (Filing No. 48 at 1–2). The Defendant argues, "Lilly's interpretation of Rule 26(a) does not comport with Seventh Circuit precedent and, as a result of his failure to disclose written reports that comply with Rule 26(a)(2)(B), his witnesses' testimony must be limited." (Filing No. 49 at 1.)

Pointing to *Meyers v. National Railroad Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010), the Defendant argues that treating physicians may not testify beyond their own observations and conclusions made during the course of providing treatment unless a Rule 26(a)(2)(B) written report is provided to give an opposing party adequate notice and an opportunity to prepare to meet the expert testimony. In *Meyers*, the Seventh Circuit concluded,

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Id.* at 734–35.

Because Lilly did not provide written reports for his expert witnesses, the Defendant argues that their testimony must be limited to their care and treatment of Lilly, any diagnoses that they rendered, and Lilly's general prognosis at the time they rendered care to him. Defendant asserts that Lilly's experts should not be allowed to testify regarding whether the medical treatment he received was reasonable and necessary and whether the injuries caused permanent disability.

Based on this same rationale, the Defendant asserts that the maintenance and safety professionals' testimony must be limited to the work they performed on the dock plate at the Lawrenceburg Post Office and information they may have about the reason such work was necessary. However, the Defendant argues, they should not be allowed to testify about the proper operation of a dock plate and the dangers posed by a defective dock plate and its operation by someone who is not properly trained.

The Defendant argues that the failure to produce a Rule 26(a)(2)(B) written report for Cochran, the OSHA area director, similarly prevents Cochran from testifying as an expert. In addition, Defendant argues that federal regulations prohibit Cochran from testifying as an expert because he is a federal employee, and Lilly has not satisfied the regulations to permit a federal employee to testify. The Defendant asserts:

> Federal regulations and United States Supreme Court precedent govern any request for testimony made of a current or former federal employee regarding information the employee acquired during his or her federal employment as part of his duties. In this case, the applicable regulations are found at 29 C.F.R. §§ 2.20 - 2.25. These regulations provide that before Mr. Cochran can testify in this case, Mr. Lilly must furnish the appropriate Office of the Solicitor of the United States Department of Labor with "a written summary of the information sought and its relevance to the proceeding in connection with which it was served." 29 C.F.R. § 2.21. Until the Office of the Solicitor approves the testimony, Mr. Cochran is precluded from disclosing any information that he acquired during his federal employment as part of the performance of his official duties or because of his official status. 29 C.F.R. § 2.22; *see also* 29 C.F.R. §§ 2.23 – 2.24; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

([Filing No. 49 at 9](Filing No. 49 at 9)–10.) Defendant contends that Cochran's testimony should be precluded unless Lilly first complies with the federal regulations at 29 C.F.R. §§ 2.20–2.25, and the Office of the Solicitor of the Department of Labor authorizes Cochran's testimony.

Lilly responds that none of his expert witnesses have been specifically retained or employed to provide testimony, and as such, none of the expert witnesses must provide a written report under Rule 26(a)(2)(B). He asserts that experts properly disclosed under Rule 26(a)(2)(C) may provide both factual and expert testimony, pointing to the Advisory Committee Note from the 2010 Rule Amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

Lilly asserts that treating physicians who testify based on their own first-hand observations and treatment need only provide disclosures under Rule 26(a)(2)(C), and in this case, all of the treating physicians will be testifying based upon information obtained during their treatment of Lilly as opposed to information provided after the fact as is typical with retained experts. He contends that each of his treating physicians has been properly disclosed and will be testifying about information gained during their course of treatment of Lilly, and thus, there is no basis to require a written report or to limit or exclude their testimony.

Lilly similarly asserts that the maintenance and safety professionals also have not been retained or employed to provide expert testimony. Rather, their testimony will be based on their first-hand knowledge, observations, and experience of working on the dock lift at the

5

Lawrenceburg Post Office. These experts have knowledge about the dangers of a malfunctioning dock plate and the operation of a dock plate by someone without proper training, and they gained this knowledge by working on dock plates and in particular the dock plate at issue in this case. The Defendant itself hired these experts to perform maintenance work on the Lawrenceburg Post Office dock plate because they have knowledge about how to maintain and safely operate a dock plate. They were properly disclosed as experts, and the Defendant is familiar with their skills, knowledge, opinions, and testimony. Thus, Lilly argues, limiting their testimony is not proper.

As to the anticipated testimony of Cochran, Lilly argues that the Defendant's argument is premature because complying with the federal regulations is not necessary unless and until a subpoena for testimony or other information is issued. Lilly explains that he intends to comply with all federal regulations in obtaining the testimony of Cochran for trial. However, he argues, there is no reason to exclude or limit Cochran at this time.

In 2010 in the *Meyers* opinion, the Seventh Circuit explained that a "treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment . . . is required to submit an expert report [under] Rule 26(a)(2)." 619 F.3d at 734–35. Then Rule 26(a)(2) was amended to add a new subsection (C), which provided for less stringent disclosure requirements for experts who were not retained or specially employed to provide expert testimony in the case or whose duties as the party's employee do not regularly involve giving expert testimony. The Advisory Committee Note to the 2010 amendment lists "physicians or other health care professionals" as "frequent examples" of an expert witness covered by subsection (C). Even the Seventh Circuit acknowledged in *Meyers* that causation testimony from an expert may be permitted without a written report if that causation determination was made in the course of providing treatment.

Lilly's treating physicians and the maintenance and safety professionals have not been retained or employed as experts for this case.  Rather, they have been identified to offer testimony regarding information gleaned and opinions formed during their course of medical treatment of Lilly and during their maintenance work on the dock plate. Therefore, the Court concludes that the treating physicians and the maintenance and safety professionals' have been sufficiently disclosed in this matter.

The Court recently continued the trial date and extended the expert discovery deadline to allow the Defendant to conduct additional expert discovery before trial ([Filing No. 66](#); [Filing No. 67](#)).  The rationale for requiring a report for treating physician opinions that go beyond the scope of treatment is to effectuate the purpose of the report requirement to give fair notice of opinion testimony and time for the opponent to prepare.  *See Meyers*, 619 F.3d at 734.  With the continuance of trial and the extension of expert discovery, fair notice and an opportunity to prepare is provided to the Defendant.  The Court reiterates its conclusion that Lilly's anticipated expert testimony is rooted in the scope of treatment and in the scope of maintenance work; however, with the extension of expert discovery, the Defendant will be able to discover any additional opinions these expert witnesses may hold.

Regarding the anticipated testimony of Cochran, Lilly acknowledges that at this point he has not complied with all federal regulations to obtain the testimony of Cochran for trial, but he intends to satisfy the requirements of the regulations.  However, as the Defendant pointed out in its Reply Brief, "even if Mr. Lilly submits a proper *Touhy* request, the type of testimony that Mr. Lilly is seeking from Mr. Cochran may not be approved by the Office of the Solicitor of the United States Department of Labor." ([Filing No. 59 at 6](#).)  Accordingly, Cochran is not permitted to

7

testify at trial unless and until Lilly satisfies all the requirements of the applicable federal regulations prior to trial.

### III.  CONCLUSION

For the foregoing reasons, the Defendant's Motion to Limit Expert Opinions (Filing No. 48) is **GRANTED in part and DENIED in part**.  The Motion is **denied** as to the treating physicians and the maintenance and safety professionals, but it is **granted** as to William Cochran, the OSHA area director. Cochran may not testify at trial unless Lilly first satisfies all the requirements of 29 C.F.R. §§ 2.20–2.25.

**SO ORDERED.**

Date: 11/28/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Nicholas Gene Brunette
REMINGER CO. LPA
nbrunette@reminger.com

Lyndsay I. Ignasiak
REMINGER CO. LPA
lignasiak@reminger.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov